UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-170-WHA-DRB |
| | ) | |
| ROY DALE WALLACE | ) | |

### DETENTION ORDER ON MOTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court held a detention hearing this day, pursuant to the Government's *Amended Motion for Detention* (Doc.200). The defendant appeared with appointed counsel, James Cooper, and the United States appeared by Asst. U.S. Atty. Chris Snyder. After due consideration of the Motion, and all available information concerning the factors specified in 18 U.S.C. §3142(g), the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) A Second Superseding Indictment filed September 7, 2006, charged Defendant, in the first count, with conspiring with 10 co-defendants, between 2003 and May 31, 2006, to manufacture, possess with intent to distribute, and distribute 50 grams or more of methamphetamine in Coffee County. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. His unabated, long-term use of methamphetamine presents a serious risk of non-appearance and danger to himself and the community.

## Part II - Written Statement of Reasons for Detention

Defendant's mother, a long term resident of Elba and the Enterprise area, provided the only testimony, which confirmed her willingness to have Defendant reside with her, to facilitate electronic monitoring, and otherwise to monitor his release conditions. The court is persuaded of her good intentions but reasonably questions whether she can temper Defendant's drug use, his reported arguments with his father – also a resident of the household – and his adverse influence on or by two brothers reported to have drug problems.

Moreover, the court cannot ignore Defendant's poor history for substance abuse treatment and his poor history on supervised release. On May 16, 2000, at the age of 32, he was convicted in this court on the same kind of conspiracy here charged (case no. 1:00cr78-I-ID). Within five months of his pretrial release, he tested positive for methamphetamine use, triggering revocation of his bond. After serving 4 months in prison, he began supervised release on January 22, 2003, and tested positive for meth use several times during the term of supervised release, leading to revocation and the imposition of an additional prison term of 12 months. Records reflect that he entered inpatient drug treatment in December 2003 but walked away without completing the program.

The court concurs with the probation officer's assessment that pre-trial release supervision is ill-advised considering the nature of the drug offense charged and Defendant's substance abuse history as well as his poor record on supervision and criminal history. After weighing all available, pertinent information, the Court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. It is, therefore, **ORDERED,** that the Government's *MOTION* (Doc. 200) is now **GRANTED** to the extent of its request for detention.

**Part III - Directions Regarding Detention**

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this 13th day of October, 2006.

/s/ Delores R. Boyd
DELORES R.  BOYD
UNITED STATES MAGISTRATE JUDGE